Good morning, and may it please the Court. My name is Dominic Lanza, and I represent the United States in this matter. I'd like to reserve three minutes of my time for rebuttal. You bet. This Court should reverse the District Court's attempt to enter a modified and new sentence on April 12, 2010, and to enter a modified and amended judgment on that date, and reinstate the original sentence and judgment that were issued and entered 42 days earlier, on March 1, 2010. The reason this Court should order reversal is because the District Court's actions on April 12 were without jurisdiction. And, in fact, the District Court lacked jurisdiction to engage in resentencing or alter the judgment for at least one and possibly two independent reasons. The first reason is a statute, 18 U.S.C. 3582C, states in no uncertain terms that Federal District Court judges lack authority to modify a sentence of imprisonment after it's been imposed, unless one of the enumerated exceptions in that statute applies. Here, the parties agree that the only possible exception that could have applied is Rule 35A. And in a moment, I'll address why the Court should find that to the extent the District Court sought to rely on Rule 35A, that reliance was misplaced. But I think it's an important way to frame the analysis here, to start with the statute. Congress made a very reasoned and specific judgment that they didn't want this class of decision-making to be within the authority and jurisdiction of Federal District Court judges unless one of these exceptions applied. Now, I mentioned that there may be two independent jurisdictional bars to the District Court's actions on April 12th here. The second is the fact that on March 5th, 2010, 38 days before the District Court's actions, the defendant had filed a notice of appeal. Now, it's Hornbook black-letter law that the filing of a notice of appeal is an event of jurisdictional significance. It divests the District Court of jurisdiction over the sentence in judgment, and it pushes jurisdiction to this Court, to the Court of Appeals. Now, again, Rule 35A provides a theoretical exception to this divestiture of jurisdiction rule. It states that District Courts may retain a limited window of time in which to rule on 35A motions, even after a notice of appeal has been filed. But there is an open question on this record whether the District Court, in fact, was attempting to rely on Rule 35A. As we set out in our briefs, the District Court initially granted the Rule 35A motion and then made comments leading up to the final April 12th hearing seeming to suggest that the only way it would engage in resentencing is if it ended up maintaining its grant of the Rule 35A motion and adjusting the guidelines calculations. But the District Court then made cryptic comments and issued a statement of reasons after the April 12th hearing that suggests it's possible the Court wasn't even attempting to rely on Rule 35A and simply changed its mind about the appropriateness of the sentence and wanted to redo the 3553 factors. And, in fact, the defendant has sort of put his eggs in one basket in his brief and said that's what the District Court did. Now, if the Court accepts that interpretation of the record, the jurisdictional analysis here becomes extremely streamlined. It is very clear both under Section 3582C and under this Court's notice of appeal divestiture rules that the only possible way a District Court could have had jurisdiction is under Rule 35A. So if, as the defendant states, the District Court wasn't attempting to rely on that rule, the District Court plainly had jurisdiction here. So that brings us back to Rule 35A. This Court should find that to the extent the District Court wanted to rely on that rule, its reliance was improper, both jurisdictionally because it missed the deadline and on the merits. First, jurisdictionally, is the cleanest way to resolve this issue. Rule 35 couldn't be more clear. To the extent a District Court ever identifies and wishes to correct a clear arithmetical or technical error in a sentence, it has at most 14 days after the oral imposition of sentence to impose that correction. Here, that 14-day window passed on March 15th, and the District Court didn't act for almost a month later. Several times in published decisions, Barragan, Mendoza, Penna, and Morales, this Court has time and again held that that deadline is a strict jurisdictional deadline, and if a District Court misses that deadline, its authority to enter a sentence modification or correction goes away, and the party who feels aggrieved by the District Court's failure to act can bring up that issue on direct appeal. But there needs to be firm deadlines so that jurisdictional issues on appeal don't get clouded and the parties aren't even aware of what they're appealing. In fact, this Court is not the only Court who has interpreted Rule 35A to impose a strict jurisdictional no-exceptions deadline in terms of its time limit. Every Court of Appeals to address the issue has agreed with that interpretation, and so, too, is the Supreme Court in 1979 in Amnesia, where the Court held that Rule 35A is a jurisdictional bar on relief and sentence modifications outside its timeframe are illegitimate. Notwithstanding all of this, the defendant in this case asked this Court to break new ground and to become the first Court ever to hold that Rule 35A isn't a true jurisdictional rule. Of course, reaching that result would require this Court to overrule at least three of its prior precedents, to create a circuit split on an issue of national importance, and to disagree with a valid, published 1979 Supreme Court decision that the Supreme   I don't think there's any hint that might be incorrect. Roberts. Yeah, well, that doesn't scare us. No. I have a question about the procedural posture of the case. Do I understand that they filed their own appeal? Correct. And that appeal has stayed. Is that right? Right. Now, if we were to agree with you and reverse judge Silver, what would you have us do? What happens? The usual – I think that this Court should simply order that the original judgment and sentence that were entered on March 1st are valid. And at that point, the defendant's appeal could get reinstated, and he could pursue that appeal as if these actions on April 12th never happened. Well, when you say valid, wouldn't we just be vacating the purported new sentence and ordering the district court to reimpose the original sentence without blessing the correctness of that original sentence? That's correct. This Court needn't prejudge the original – the correctness of that sentence. I just wanted to be sure that you weren't trying to do that. No. And frankly, I think on this record, even though we have briefed the merits of this guidelines issue, the defendant hasn't briefed it in their brief. And it's an interesting issue that I think would profit from full adversarial presentation from both sides. And so I think that the appropriate resolution by this panel should not be to wade into the merits of whether the original guidelines calculation were correct, but to simply find that jurisdictionally these actions on April 12th were improper. And then the original appeal would go forward. I believe so. I think that if you – if the Court read Berragon, Mendoza, and Penna very literally, the Court would need to remand the case to the district court with instructions to reinstate the original judgment and sentence. And at that point, the defendant would have to file a notice of appeal again. Then we'd start again. That strikes me as form over substance that would inject a lot of delay in this case. It seems much cleaner here for this Court to simply order that these actions on April 12th were jurisdictionally void, and that the original judgment and sentence of March 1st are the proceedings that are in place for the defendant's appeal. So if this Court has no further questions at this time, I'll reserve the remainder of my time. Roberts. Thank you, Mr. Lesser. Good morning. May it please the Court. I'm Brian Rademacher, and with me is Juan Rocha, and we represent Mr. Aguilar-Reyes on behalf of the Federal Public Defender's Office. The issue for the Court to resolve is whether the district court did have jurisdiction and authority to take the action it did, regardless of what the district court thought   jurisdictional basis was. There are two aspects to that. First, I'd like to address how recent Supreme Court case law compels the conclusion that Rule 35 is not jurisdictional because it's a time limit created solely by the Court. Second, I'd also like to address how the Court can resolve the whole case by finding that the district court actually could have made its ruling under 28 U.S.C. 2255, a principle of law the government agrees with in its brief that it had jurisdiction, but the district court mistakenly thought it didn't, yet indicated that would be an acceptable way to proceed. But the district court stated very clearly that she was not acting pursuant to 2255. Are we just to ignore that and pretend that she was? This Court has in its prior cases essentially looked to what it actually was, not to how the district court treated something. It did so in the Berry case that we just cited in our brief. That was a case where a 2255 or a Rule 33 Act, a 2255 was filed, and this Court treated it, looking at the substance of it, as a Rule 33 motion. In a prior case of this Court, U.S. v. Duane Rostro, this Court looked at a Rule 60B post-trial motion that was filed and said what it really is, is a 2255. So there's clear precedent for this Court treating it as what it really is, not what the district court did. Well, why should this Court, as a matter of policy, approve the applicability of a 2255 under these circumstances, as opposed to treating it in the usual fashion where it would not be appropriate for a 2255 to be ruled upon while an appeal is pending? Well, because I think, first of all, I would just suggest that the case law says that the district court has great discretion in doing the balancing test in the first place to decide if a 2255 is appropriate. In this case, had the Court recognized that it had jurisdiction, it's clear from the record that the district court believed a prompt and a speedy resolution of the issue was necessary, because in her opinion, the fair and just sentence under 3553 factors was time served. So the defendant would have been wrongly incarcerated. So this is an extraordinary circumstance in which the Court could have treated it as a 2255, and given the great discretion that this Court gives to the district court, it should approve its reasoning anyways behind that. It was just mistaken on whether it did. It's clear from the record that it said it was an acceptable method and that it would have gone forward on 2255 if it believed it did have jurisdiction. So I think great deference would be owed to the district court decision to do that, and it would have done it had it not made a mistake about it. But I would like to address quickly the government's points about how there are prior precedents and how 3582 precludes this Court from acting. I think the words the government used were it shouldn't break new ground. But the Supreme Court in Eberhardt has already told all courts essentially that what the Court needs to do is not wait for the Supreme Court to overrule prior precedents. It said it will not do so. It said what the Court needs to do, must do, is review all old cases using the term jurisdictional to assess whether it is used in the – it was used in the proper sense that the Supreme Court, beginning in 2004 with Contract, says jurisdiction means. And Eberhardt did that. In Eberhardt's case, the Seventh Circuit said we can't do anything because we have to wait until the Supreme Court overrules its cases. The Supreme Court said no, you don't. You need to reassess this in light of the new principles. This Court in Sadler did that very thing. And Sadler was a case that's much better than this for addressing that issue, despite prior cases of this Court and even the Supreme Court. Because in Sadler, it dealt with whether a criminal notice of appeal, the time limit on that, was jurisdictional. In Robinson, the Robinson case from 1960 by the Supreme Court, the Supreme Court said filing of a notice of appeal in a criminal matter, the time limit, is jurisdictional. And this Court in Sadler said, well, wait a minute. We're going to look at what Eberhardt told us to do. We don't have to wait for the Supreme Court to overrule that case. The Supreme Court has instructed us to look at what its new principles are. And it said Robinson was something the Supreme Court pointed out in Eberhardt as being the source of all confusion when it used the term jurisdictional. So in Sadler, this Court said, listen, the Supreme Court has already disavowed the validity of Robinson as being the correct use of jurisdictional. It only meant claim processing. So this Court needs to do the same thing. As the Supreme Court said, it needs to look at old cases through the clarifying lens of Kontrick and its newly articulated principles. The Court, the government mentions the Adonisio case. Adonisio was not about the jurisdiction of Rule 35. That was dictum. And it's been recognized as such by the courts and the advisory committee. And Adonisio relied on the Robinson case, which the Supreme Court has already disavowed as being the correct interpretation. When the government relies on 3582, the statute is saying it's a clear demonstration that Congress has said this is a jurisdictional time limit. That's just not so. First of all, the statute says nothing about time limits. It makes an oblique reference to Rule 35. There are two, and it doesn't not create a time limitation, and it does not use the words jurisdictional, which are important. Two cases directly refute the government's argument. First is the Bowles case, where the Supreme Court did make a ruling on, I think it was the bankruptcy rules. But they used there an example of what the correct use of jurisdictional is. And the example they used was the statute, 28 U.S.C. 2101, which deals with the time for parties to file cert petitions in the Supreme Court. Subsection C of that statute, Congress said in there, there's a 90-day time limit for civil litigants. Subsection D, and the Supreme Court said that's a properly created congressional time limit. It says in the statute 90 days. As to subsection D, which has to do with the time limits for a criminal, for filing a cert petition in a criminal case, what Congress says in the statute is that the court should create a rule, a time limit in its rule for the filing of a criminal of a cert petition in a criminal case. The Supreme Court said that is not a jurisdictional time limit because it's delegated to the court. The court has the power to change that time limit. And therefore, it's not jurisdictional. The statute in this case is even better in terms of realizing that it's not a jurisdictional basis because it doesn't mention time, it doesn't even delegate and command another body to create a time limit. As a matter of fact, when 3582 came into existence, Rule 35 had no time limit on the time within which a district court could correct an illegal sentence. The other ---- Roberts, I wanted to ask you before your time runs out and I see you have two minutes left. I wanted to ask you the same thing I asked Mr. Lanza. If we were to agree with their position, what would you have us do? Should we order the district court to reinstate the judgment and lift the stay of your appeal? Is that the way to go? I agree that the next step is to go to our appeal, and I think there probably is no sense to sending it back to the district court at this point because we should ---- the court should resolve the final sentence at one time before sending it back. So I would agree. But, of course, we disagree about the court not having jurisdiction and authority. And I think the precedent is clear to find that there is jurisdiction and authority for the district court to act, either under Rule 35 or under 2255. No matter what the court thought, this Court can treat it as it probably should be. A mistake of law by the court as to its jurisdiction doesn't mean it's without jurisdiction. And the Court was real clear about making that ruling. The other thing that I'd like to point out briefly is that if the court finds that it is not jurisdictional, the next step is what is it? Is it a claims processing rule or a time directive? And we think the court should find that it's a time directive. And the reasons are, quickly, that ---- before I leave that, I'd just like to go back and mention the other case that supports our Rule 35 non-jurisdictional is the Irigoyen-Briones case. And we cited that in the Rule 28J statute, a letter to the court. Just recently. And that is a similar situation where Congress, in a statute, specifically says, we need a time limit, but they gave that power to the attorney general and agency, not Congress. And this court quite clearly said that's not enough to make it a jurisdictional matter. But back to what ---- whether this is a claims processing rule or whether it's a time directive. In Dolan, the court set out three categories. The first was jurisdictional matters where it's an absolute bar against parties and litigants. The second category, it said, was claim processing rules, which are ---- have always been about in the cases that we've seen about whether a party has failed to take some timely action, and the court gives the other party a defense to further action. And the third category that the Supreme Court articulated in Dolan is time limits against courts. And that's what this is.  Roberts. Roberts. Thank you very much, Mr. Lewis. Thank you, Judge. Roboto. Thank you. I want to first address the point by Mr. Rademacher that the district court could have properly treated this as a habeas petition, or even though the district court explicitly refused to do so, this court could interpret the record as stating that the district court should have and somehow abused discretion by not doing that. There are at least four independent reasons why this habeas theory doesn't work here. First, as Judge Lynn correctly pointed out, the district court said it wouldn't consider this as a habeas petition. I disagree a little bit with Mr. Rademacher's interpretation of the record that the district court signaled that it really wanted to treat this as a habeas petition, but for its view of its own jurisdiction. Page 2 of the ER, as far as I can tell, the district court's only comment about the habeas theory was, I'm not sure, despite the creativity of the argument about habeas. I think that it's an overreach to state that that was a statement by the district court that it wanted to treat it as a habeas petition, but for its interpretation of the jurisdictional rules. Second, counsel stated that we've conceded that the district court had jurisdiction to consider it as a habeas petition. That's not quite right. We've cited the law firm Bois case from 2005 in which this court held that there are two possible reasons why district courts should never consider habeas petitions while a defendant's direct appeal is pending. It might be a jurisdictional rule. It might be a prudential rule. Law firm Bois said, we don't want to put too fine a point on it. There's fair debates on both sides, but regardless of how it's characterized, district courts should not do this. So even if it's theoretically possible that district courts have jurisdiction to consider these, this Court has held that at a minimum for prudential reasons, district courts shouldn't. Finally, on the merits of this habeas rule, of this habeas theory, to the extent that a Federal defendant wishes to present theories about how his sentence was illegal in a habeas petition, in most circumstances, this Court applies an exhaustion rule stating that those theories, to the extent they could have been raised in the direct appeal, need to have been pressed in the direct appeal. So here, this theory that a defendant, instead of pursuing an appeal, could start attacking his sentence immediately under 2255 is inconsistent with that exhaustion. And finally, on the merits, the defendant is to the extent his theory about why his sentence was improper here was either that there was an error in the guidelines calculation or that under 3553 he was entitled to an even greater variance than the district court initially gave him in the first sentence. Finish your thought, and then you're out of time. Those are not permissible grounds to grant habeas relief. In Adonisio, the Supreme Court made clear that typically a district court's change of heart about what it would have done under 3553 isn't an appropriate basis to grant habeas. Thank you, Mr. Rademacher. Thank you. Mr. Rademacher, thank you as well. The case to start is submitted. Good morning, gentlemen.
judges: Silverman, Graber, Cjj Lynn (N. Texas), Dj